UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELAINE L. CHAO,
Secretary of Labor,
United States Department of Labor,

    Plaintiff,

v.                                                        Case No. 3:01-cv-315-J-20TEM

EUSTACE WALTERS
and ALL COUNTY SECURITY, INC.,

    Defendants.
_____/

## CIVIL CONTEMPT ORDER

Before the Court is Plaintiff's Petition for Adjudication in Civil Contempt Against Eustace Walters and All County Security, Inc. (Doc. No. 48, filed April 29, 2005), alleging the Defendants failed to comply with the terms of the Final Consent Judgment of this Court (Doc. No. 47, filed Oct. 7, 2002). Judge Morris gave both Defendants until Monday, July 11, 2005 to file responses to the aforementioned Petition (Doc. No. 52, filed June 6, 2005). Additionally, Judge Morris explained that pursuant to Local Rule 2.03(d) Defendant All County Security Inc., as a corporation, must be represented by counsel. Judge Morris also set June 21, 2005 as the deadline for All County Security Inc. to retain counsel and to have said counsel file a notice of appearance. As of today, no such notice of appearance has been filed.

In a subsequent Order, this Court gave both Defendants eleven (11) days from the date of the Order to show cause why default should not be entered against it for failure to follow the prior Order (Doc. No. 54, filed July 15, 2005). Additionally, Eustace Walters was ordered to show cause why default should not be entered against him for failure to respond to the Petition

by the Court set deadline. To date no filings by either Defendant have been made, consequently upon due consideration, it is

**ORDERED AND ADJUDGED** that:

1. Eustace Walters and All County Security, Inc. are in civil contempt;

2. Eustace Walters and All County Security, Inc. are ordered to produce complete and accurate payroll records for all their employees for the time period of October 7, 2002 to the present not later than Tuesday, August 30, 2005 at 2:30 pm;

3. Eustace Walters and All County Security, Inc. are to make payment to Petitioner of a sum to be determined after receipt of complete and accurate payroll records, plus liquidated damages or interest resulting from continuing violations of this Court's Judgment of October 7, 2002, and Sections 7 and 15(a)(2) of the Fair Labor Standards Act, 29 U.S.C.§ 201, et seq.

4. Eustace Walters and All County Security, Inc. are to pay Petitioner's investigative, legal and miscellaneous expenses, including attorney fees, incurred in this proceeding, and payment of all court costs;

5. Eustace Walters of 99 N.W. 183rd Street, Suite 138, Miami, Florida, 33169 is to appear before this Court Tuesday, August 30, 2005 at 2:30 pm in Courtroom 10C and explain why he should not be committed to the custody of the United States Marshal, until compliance herewith.

6. All County Security, Inc. is fined $10,000 per day commencing August 30, 2005, until it, through its registered agent Eustace Walters, purges itself of this contempt by complying in full with the foregoing.

The United States Marshal shall serve a copy of this Order upon Eustace Walters personally and as the registered agent for All County Security, Inc. and provide a return to this

**DONE AND ORDERED** at Jacksonville, Florida, this _9th_ day of August, 2005.

                                        HARVEY E. SCHLESINGER
                                        United States District Judge

Copies to:
Dane L. Steffenson, Esq.
Julie B. Liberman, Esq.
Eustace Walters, pro se
All County Security, Inc.
U.S. Marshal
Garry Randolph, CDC